Merrimack,
No. 4829.

LOUIS C. WYMAN, *Attorney General*

*v.*

WILLARD UPHAUS.

Argued March 1, 1960.

Decided March 31, 1960.

*Louis C. Wyman*, Attorney General (by brief and orally), *pro se.*

*Nighswander, Lord & Bownes* and *Royal W. France* (of N. Y.) (*Mr. Bownes* orally), for the defendant.

*James C. Cleveland* and *Howard S. Whiteside* (of Massachusetts) (*Mr. Whiteside* orally), for Hugo DeGregory, *amicus curiae.*

WHEELER, J.   The chief contention of the defendant is that the Superior Court was without jurisdiction to find him in contempt because the statute authorizing the investigation expired on June 30, 1957, by express provision of chapter 197, Laws 1955.

In determining the validity of this argument it is necessary to examine the legislative history in the field of subversive activities in order to ascertain the legislative intent with respect to investigations by the Attorney General.

In 1951 the Legislature enacted "An act relating to subversive activities," taking cognizance of a "World Communist movement under the domination of a foreign power" which by its methods "including treachery [and] deceit, [infiltrates] into governmental and other institutions."   Laws 1951, c. 193 (now RSA ch. 588).

In 1953 the Legislature adopted a joint resolution authorizing and directing the Attorney General "to make full and complete investigation with respect to violations of the subversive activities act of 1951 and to determine whether subversive persons as defined in said act are presently located within this state."   Laws 1953, c. 307.   This investigation was further extended on two occasions, the last enactment continuing it to June 30, 1957.   Laws 1955, c. 197, and c. 340.

In 1957 the Legislature amended the original act of 1951 by enacting chapter 178 "An act relative to investigation of subversive activities," which among other changes inserted after RSA 588:8 the following new section: " 588:8a ATTORNEY GENERAL. At any time when the attorney general has information which he deems reasonable or reliable relating to violations of the provisions of this chapter he shall make full and complete investigation thereof and shall report to the general court the results of this investigation, together with his recommendations, if any, for legislation. In any investigation hereunder the attorney general or any duly authorized member of his staff is authorized to require by subpoena or otherwise the attendance of such witnesses and the production of such correspondence, books, papers and documents and to administer such oaths, and to take such testimony and to make such expenditures within the funds provided as he deems advisable. The provisions of section 7 of this chapter shall be inapplicable to the investigation provided for herein and the attorney general is hereby authorized to make public such information received by him, testimony given before him, and matters handled by him as he deems fit to effectuate the purposes hereof."

The Legislature was then aware that the temporary legislation (chapter 307, Laws 1953) as extended would expire within two weeks and was presumably aware that the defendant's appeal was then pending. Neither the statute which expired nor the 1957 statute just quoted contains any provision which would indicate that expiration should terminate pending proceedings. *Opinion of the Justices*, 89 N. H. 563, 565. See also, RSA 21:37 and *Lakeman v. Moore*, 32 N. H. 410. The series of statutory enactments on the subject of subversive activities indicates the legislative purpose to continue the Attorney General's authority to investigate subversive activities and not end it when his power expired under chapter 197, Laws 1955. No clearer indication of this is needed than the enactment of chapter 178, Laws 1957, effective June 14, 1957, establishing a permanent authority in the Attorney General two weeks before the date of expiration of his temporary authority. The Legislature has thus shown a live and continuous interest in this subject matter. The jurisdiction of the Trial Court under RSA 491:19, 20 to enter the committal order in this case remains unimpaired. *Opinion of the Justices, supra.*

The constitutionality of the act under which the State proceeded against the defendant (Const. Pt. I, *Art.* 37th) has heretofore been

decided and no reason is presented sufficient to warrant re-examination of the subject. See *Nelson* v. *Wyman,* 99 N. H. 33.

*Exceptions overruled; judgment and committal order affirmed.*

All concurred.